**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**WILLIAM LEE GRANT, II,**

      **Plaintiff,**

**v.**                                                                **Case No: 5:19-cv-00350-JSM-PRL**

**GREGORY K. HARRIS, JOINT**
**CHIEFS OF STAFF and U.S. SPECIAL**
**OPERATIONS COMMAND,**

      **Defendants.**

_____

**REPORT AND RECOMMENDATION[1]**

This case is before the Court on *pro se* Plaintiff's motion to proceed *in forma pauperis*. Upon referral and after review, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and the Complaint (Doc. 1) should be dismissed.

## I.       BACKGROUND

Plaintiff William Lee Grant, II filed a complaint against Defendants Gregory K. Harris, the Joint Chiefs of Staff, and the U.S. Special Operations Command. (Doc. 1). He attempts to assert claims under the Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution. (Doc. 1). Plaintiff has filed an application to proceed *in forma pauperis*. (Doc. 2). The motion to proceed *in forma pauperis* was referred to this Court and the matter is now ripe for review.

In his complaint, Plaintiff alleges that he was created in the basement of the Pentagon in

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

1

1990 to be "The Judge" as to whether the Vietnam War constituted war crimes. He alleges that the Joint Chiefs of Staff placed him in Springfield, IL in 1992 and have been surveilling him and orchestrating certain events that have occurred in his life. For instance, Plaintiff alleges that in 2009 the JCOS and Gregory K. Harris set him up for driving under the influence and then undermined his legal defense. He also complains about being retaliated against for filing a civil rights action in 2012 and being forced to spend seven years as a homosexual.

The complaint includes several random statements regarding Steve Jobs, Ashton Kutcher, and Tom Hopper, among others. Plaintiff seeks $99 trillion in compensatory and punitive damages.

Plaintiff includes in the complaint a list of several other federal court cases throughout the United States. A review of those cases reveals that Plaintiff has filed a substantially similar complaint in several other courts, and that each court has dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915.[2]

## II.  LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such

---

[2] A few examples include: *Grant v. U.S. Dep't of Justice*, No. 1:17-cv-1434 (D.C. July 19, 2017); *Grant v. USA*, No. 1:17-cv-1785-LAS, Doc. No. 1 (Fed. Cl. Nov. 13, 2017); *Grant v. U.S. Dep't of Justice*, No. 3:17-cv-1257-MJR-SCW, Doc. No. 2 (Nov. 20, 2017); *Grant v. U.S. Dep't of Justice*, No. 2:17-cv-8558-RFK-FFM (C.D. Cal. Nov. 27, 2017); *Grant v. U.S. Dep't of Defense*, No. 1:18-cv-1705-PX, Doc. No. 1 (D. Md. June 4, 2018); *Grant v. U.S. Dep't of Defense*, 3:18-cv-369-REP, Doc. No. 6 (E.D. Va. July 23, 2018).

relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the face of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* Indeed, "[i]ndigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984)(citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in

*Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. 1331 and 1332.

## III.   DISCUSSION

Although Plaintiff is proceeding *pro se* in this action, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). While the Court gives more deference to *pro se* litigants, this deference "does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv. v. Cnty. of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted).

At the most basic level, Plaintiff's Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's conclusory, random, and disjointed assertions do not demonstrate how the factual allegations relate to the named Defendants. No facts are linked to federal statutes for the Court to make any determination about a cause of action. Moreover, the allegations within Plaintiff's complaint are frivolous because they do not "plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

To the extent Plaintiff alleges any claims that are non-frivolous, such allegations arise out of events that took place in Illinois. Thus, venue is only proper in the district courts of Illinois. Plaintiff appears to have brought at least twenty-nine cases in the district courts of Illinois; these courts have repeatedly found Plaintiff's allegations to be meritless. *See Grant v. Harris*, No. 3:19-CV-96, 2019 WL 2998568, at *2 (N.D.W. Va. June 19, 2019), *report and recommendation adopted*, No. 3:19-CV-96, 2019 WL 2995920 (N.D.W. Va. July 9, 2019) (providing a comprehensive list of cases filed by Plaintiff throughout the United States, noting that Plaintiff is barred from filing further actions in the Northern District of Texas and the Central District of Illinois).

Plaintiff has filed dozens of other cases in federal courts throughout the United States based on the same frivolous allegations. *See id.* Claim preclusion or res judicata "bars a subsequent action between the same parties on the same cause of action." *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1332 (11th Cir. 2010). Thus, Plaintiff is barred from reasserting these claims by the doctrine of res judicata. *See Grant v. United States Dep't of the Treasury,* No. 6:18-CV-291, 2018 WL 3748415 (E.D. Tex. 2018) (dismissing complaint noting that Plaintiff has filed at least seventeen complaints in various district courts making similar allegations); *Grant v. Harris*, 6:19-

cv-01235 (M.D. Fla. July 26, 2019) (similar complaint filed in the Orlando division of this Court dismissed as frivolous and barred by res judicata).

"Grant has been recognized as a frequent filer of frivolous litigation in federal courts throughout the country." *Grant v. Harris*, No. 5:19-CV-24, 2019 WL 1510008, at *1 (W.D. Va. Apr. 5, 2019). Plaintiff has repeatedly filed these allegations in at least 17 different district courts around the country. This repeated abuse of the litigation process cannot be condoned. Accordingly, Plaintiff's complaint should be dismissed with prejudice and without leave to amend.

## IV.    RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be **DENIED**, and the Complaint (Doc. 1) be **DISMISSED**.

**DONE** and **ENTERED** in Ocala, Florida on **July 31, 2019**.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties